Darryl Carter
P.O. Box 801
Key West, FL 33041
Phone: (305) 337-6332
Email: civilitnotice21@use.startmail.com

RECEIVED
Mail Room

NOV 09 2021

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRYL CARTER,

　　　　Plaintiff,

　　vs.

U.S. DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001; KILOLO
KIJAKAZI; PATTI MCLAUCHLIN;
GEOFFREY M. HEDDEN; DOES 1-50

　　　　Defendants

Case: 1:21−cv−02967 JURY DEMAND
Assigned To : Nichols, Carl J.
Assign. Date : 11/9/2021
Description: FOIA/Privacy Act (I−DECK)

COMPLAINT FOR EQUITABLE
AND LEGAL RELIEF;
5 U.S.C. § 552;
U.S. CONSTITUTION AMENDMENT
IV (INVASION OF PRIVACY
VIOLATION(S));
U.S. CONSTITUTION AMENDMENT
IV (FREEDOM OF SPEECH
VIOLATION(S));
U.S. CONSTITUTION AMENDMENT
V (DUE PROCESS CLAUSE
VIOLATION(S));
28 U.S.C. § 2201;
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS;
NEGLIGENT INFLICTION OF
EMOTIONAL DISTRESS;

**JURY TRIAL DEMANDED**

~ 1 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

# TABLE OF CONTENTS

PARTIES.................................................................................................................3

JURISDICTION AND VENUE...............................................................................5

FACTUAL BACKGROUND....................................................................................5

COMMON ALLEGATIONS..................................................................................13

CAUSES OF ACTION...........................................................................................17

   COUNT I...........................................................................................................17

    (FOIA violation(s), 5 U.S.C. § 552) (Asserted Against: USDOJ; FBI).................17

   COUNT II..........................................................................................................19

    (U.S. Constitutional Violation(s)) (Invasion of Right to Privacy; Due Process) (Asserted Against All Defendants)....................................................................19

   COUNT III.........................................................................................................24

    (U.S. Constitutional Violation(s)) (Freedom of Speech; Due Process) (Asserted Against All Defendants)......................................................................................24

   COUNT IV.........................................................................................................28

(Intentional Infliction of Emotional Distress)..........................................................28

    (Asserted Against Defendants: Patti McLauchlin; Geoffrey M. Hedden)..............28

   COUNT V...........................................................................................................32

   (Negligent Infliction of Emotional Distress) (Asserted Against Defendants: Patti McLauchlin; Geoffrey M. Hedden).......................................................................32

PRAYER................................................................................................................35

---

~ 2 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

## PARTIES

**1)**    The Federal Bureau of Investigation hereinafter ("FBI") is an agency of the United States Government and a component of the United States Department of Justice hereinafter ("USDOJ"). Defendant **USDOJ** has in its possession, custody, and control the records which Plaintiff seeks access. Defendant USDOJ is centrally headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

**2)**    **Darryl C. Carter** is an individual whose mailing address is as follows: P.O. Box 801, Key West, FL 33041. Complaining party Darryl C. Carter does not have a permanent address within such state but rather only temporary shelter provisioned on a night by night basis.

**3)**    **Kilolo Kijakazi** is an individual and the Acting Director of the Social Security Administration. Ms. Kijakazi. The Office of the Commissioner, under the direct authority of Kilolo Kijakazi as Commissioner of the Social Security Administration ("SSA"), is responsible for all programs administered by the SSA. Kilolo Kijakazi is located as follows: 6401 Security Blvd. Baltimore, MD 21235-0001. Kilolo Kijakazi is sued in her **OFFICIAL** capacity.

---

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

**4)**    **Patti McLauchlin** is an individual and city manager of Key West whose address is located as follows: 1300 White Street, Key West, FL 33040. Additionally, Patti McLauchlin upon information and belief has taken on a subversive role working at/by/through the USDOJ with respect to one or more claim(s), herein, against the USDOJ involving official misconduct. Patti McLauchlin is sued in her **OFFICIAL** and **INDIVIDUAL** capacities.

**5)**    **Geoffrey M. Hedden** is an individual who has at least one address as follows: 1307 Eliza St., Key West, FL 33040. Additionally, Geoffrey M. Hedden, upon information and belief, has taken on a subversive role working at/by/through the USDOJ with respect to one or more claim(s), herein, against the USDOJ involving official misconduct. Geoffrey M. Hedden is sued in his **OFFICIAL** and **INDIVIDUAL** capacities.

**6)**    Upon information and belief coupled with direct experience and interaction there are a number of unidentified individuals i.e **DOES 1-50**, who are likely acting on behalf of the Democrat and/or Republican Party pursuant cover up on official misconduct within such party and/or Congress itself. Plaintiff is ignorant as to the true identity of any such individual(s) and intends to amend the complaint to

~ 4 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

include the identity of any such individual(s) at such time when such identity/identities is/are discovered.

## **JURISDICTION AND VENUE**

**7)**    Plaintiff brings this action pursuant 5 U.S.C. § 552(a) (4) (B); and 28 U.S.C. § 1331. Venue is appropriate in this district per 28 U.S.C. § 1391(e).

**8)**    On or around June 22, 2021 plaintiff, via the FBI eFOIPA website, submitted a FOIA request to the defendant, seeking all records regarding: 1.) formal complaints; and 2.) tips via the FBI tip line involving matters such as public corruption, domestic espionage, international espionage, and threats of bodily harm to any of reporting individuals.

## **FACTUAL BACKGROUND**

**9)**    Plaintiff originally requested documents with respect to item 4 above within the date range of June 1, 2020 and June 22, 2021.

**10)**    Plaintiff requested expedited treatment with respect to the release of the requested documents. Defendant did not respond to plaintiff's expedited handling request which effectively is denied.

~ 5 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

**11)**    On July 17, 2021, Plaintiff filed appeal number A-2021-02396. On July 19, 2021, Defendant denied plaintiff's expedited appeal handling request.

**12)**    Plaintiff's expedited handling request as submitted on July 17, 2021 including a certified document outlining very serious matters including the threat of bodily harm to plaintiff, which plaintiff alleged was directly related to the underling FOIA request.

**13)**    Defendant has previously and improperly withheld documents subject to release which can be characterized as bad faith on behalf of defendants. See *United States of America v. Kevin Clinesmith*, 1:20-CR-00165-JEB, D.C. District Court (2020). Clinesmith was a former FBI staff attorney who forged an email to obtain a secret spy warrant on a political opponent, the documents related thereto, the FBI originally withheld and vigorously fought to continue withholding in bad faith. To date Defendant has not released anything subject to release per plaintiff's underlying FOIA request.

**14)**    Plaintiff filed suit per items #1-12, *ante*, in the federal court for the Southern District of New York and was assigned case # 1:21-CV-06242-LTS. Said case was subsequently transferred to the Eastern District of New York and reassigned

~ 6 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

as *Darryl Carter v. United States Department of Justice*, case #1:21-CV-04536-LDH-LB. Plaintiff appealed to the United States Court of Appeals("USCA") for the Second Circuit, [Case # 21-1950, Darryl Carter v. United States Department of Justice] with respect to a challenge of the transfer of the case to the Eastern District of New York. Plaintiff, unemployed and without income, filed and IFP with the USCA Second Circuit to proceed without the prepayment of fees. On or around November 3, 2021 plaintiff's appeal to the Second Circuit was dismissed for failure to pay the docketing fees, notwithstanding plaintiff's timely IFP to the USCA Second Circuit. No ruling was made on Plaintiff's IFP in the USCA Second Circuit.

**15)**    The transferred case to the Eastern District of New York, *ante*, which originated in the Southern District of New York, also, involved an IFP filing by plaintiff. No ruling, to date, was ever made on either district court with respect to plaintiff's IFP in neither district in New York. Plaintiff no longer resides in New York and has not expressed any interest in ever returning to New York.

### *Enters the SSA*

**16)**    On or around September 29, 2021 plaintiff submitted an application for a replacement social security card, via USPS mail. On or around October 18, 2021

~ 7 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

plaintiff received a letter, dated October 8, 2021 from the SSA stating: "We cannot issue you a Social Security card at this time because you have not given us the document(s) we need to show identity." Following receipt of the SSA letter on or around October 18, 2021, plaintiff did call the SSA at telephone: (855) 285-6010 and spoke with a person by the name of Ms. Furtado. Plaintiff advised Ms. Furtado that the same SSA letter stated as a direct quote: "***IF YOU DISAGREE*** – *If you think you should get a Social Security number or card based on what you have given us, you can ask us to review your case. Someone who did not look at your first application will review it. To ask for a review, please call, write or visit the Social Security office at the address shown at the top of this letter.*"

**17)** Plaintiff directly expressed disagreement with the adverse decision of the SSA, with respect to failure to issue a social security card, and requested a review to Ms. Furtado. Ms. Furtado refused to review the matter and refused to connect plaintiff with anyone else who could or would review the matter. Plaintiff requested **Ms. Furtado's** supervisor, at which time plaintiff was directed to a voicemail, with a greeting message of a person alleging to be Ms. Turner. Plaintiff left a voice mail message with Ms. Turner. Plaintiff never received any more written correspondence

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

from the SSA regarding this matter nor any communication from Ms. Turner. The duration of the telephone call was 15 minutes and 9 seconds and originated from plaintiff's previous telephone number (682) 414-8864.

18)    Immediately Following the call with Ms. Furtado on October 18, 2021, *ante*, plaintiff contacted the Social Security Administration Office of Inspector General in Washington, D.C. (D.C. Metro/Tri-State Area), at which time, via internet, plaintiff complained to the SSA Office of Inspector General fraud, abuse of power, and a cover up related to an FOIA case against the USDOJ. Plaintiff never received a written or voice communication from the SSA Office of Inspector General. Plaintiff was never reissued a social security card up to and including the date of this complaint.

### ***Enters Patti McLauchlin and Geoffrey M. Hedden***

19)    On or around October 24, 2021 plaintiff placed a 911 emergency call, from the Keys Overnight Temporary Shelter ("KOTS"), to the Key West Police with respect to plaintiff's complaints regarding a white male with a large brown dog who threatened plaintiff with bodily harm. The white male in question stated as a direct quote: "*My hands are a lethal weapon.*" and "*I will choke you [plaintiff] to death with this [dog] leash.*" Officer Randy Perez responded to the call and left his business card

---

~ 9 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

identifying case # 212970195, with respect to the police incident. Officer Randy Perez refused to create and file a police report. KOTS is managed by the City of Key West. Patti McLauchlin is the City Manager for Key West and has supervisory authority over the operations of KOTS.

**20)**    On October 24, 2021 @ or around 10:31 pm., plaintiff sent an email to Mayor Johnston of Key West in which email Plaintiff complained of official misconduct related to the one or more claims, herein, against the USDOJ. Plaintiff, also, complained of police misconduct and a criminal cover up with respect to USPS certified mail, return receipt, as directed directed to Mayor Johnston.  Plaintiff specically and explicitly stated: "*My actions are being illegally monitored thus it was known in advance that the USPS letter was sent and the letter was breached by the USPS in Miami to aid in a criminal cover up of official misconduct involving California which individuals have a significant amount of influence in Miami, FL which trickles down to Key West.*" and "*The harassment is not going to continue. The threats directed to me are not going to continue.*" Patti McLauchlin is the City Manager of Key West, FL who upon information and belief reports to Mayor Johnston of Key West, FL. The **USPS certified letter, tracking #7021-0950-0001-4393-6486**

~ 10 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

directed to Mayor Johnston was delivered and signed for by an individual at 12:21 pm on October 25, 2021.

**21)** On or around October 28, 2021, plaintiff placed a second 911 emergency call from **KOTS** with respect to the white male identified in item #16, *ante*, at which time Officer Victor Arguello responded to the call and left his business card identifying case #213010343. Officer Arguello refused to create and file a police report. Upon arrival of Officer Arguello, plaintiff specifically and explicitly stated that the perpetrator, white male, *ante*, was moved into the sleeping area, just four bunks away from plaintiff, despite the police incident involving the same white male, just four (4) days earlier whereas such person threatened to "*choke you [plaintiff] to death with this [dog] leash.*"

**22)** On October 29, 2021 @ or around 10:45 am, plaintiff spoke with Investigator Roy Bogue from the State's Attorney Office with respect to the matters involving Mayor Johnston and the Key West Police, *ante*, during which phone call plaintiff specifically and explicitly stated that the issues at hand were the very likely response to the one or more, herein, claims against the USDOJ. Furthermore, plaintiff expressed concern that his mobile phone was being illegally tapped via the police i.e.

---

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

USDOJ via the F.B.I which plaintiff stated would explain how his whereabouts, movements, and actions were known.

**23)** On October 25, 2021 @ or around 2:02 pm, plaintiff while operating a bicycle was directly struck and knocking into the street of oncoming traffic by a vehicle approaching the intersection from a perpendicular street or alley affixed with a stop sign to control entry into the street where plaintiff was operating his bicycle. Geoffrey M. Hedden was operating the vehicle which struck plaintiff knocking him into the street of oncoming traffic. Plaintiff made direct eye contact with Geoffrey M. Hedden as plaintiff proceeded to pass in front of Mr. Geoffrey's completely stopped vehicle. Following making direct eye contact with driver, Mr. Geoffrey, his vehicle proceeded directly into the intersection and struck plaintiff.

**24)** Plaintiff complained directly to Geoffrey M. Hedden that "You did that shit on purpose, you hit me on purpose, with your red and black [mobile] phone and this political bullshit," and "You think this shit is funny." Officer Randall Hartle badge #2520, cited plaintiff and Geoffrey M. Hedden with respect to plaintiff being struck by Geoffrey M. Hedden with his vehicle. Plaintiff stated explicitly and specifically to Officer Hartle and the two (2) officers that arrived prior to Officer Hartle, that the

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

driver "Did that shit intentionally, as a retaliatory response to a lawsuit, [FOIA claim as stated herein] against the government [USDOJ]."

## COMMON ALLEGATIONS

**25)**    Plaintiff operated a website known publicly as "blmtoo.site." Plaintiff posted his opinions, perspectives, and views on current issues with respect to racism in the USA, racial preference towards individual groups i.e. Hispanic and Latino persons, white preference, colorism as a form of discrimination based on skin pigmentation, institutional racism with the courts and in particular the federal court system, government abuse of power directed towards unfavorable speech, secret wire tapping and mobile phone tapping by one or more government agencies with the intent of retaliation via stalking, harassment, badgering, threatening, and inducing bodily harm upon plaintiff for his expressed opinions, perspectives, and views, as posted on said website, etc., to name a few.

**26)**    As a result of the persistent stalking, harassment, badgering, threatening, and inducing bodily harm upon plaintiff for his expressed opinions, perspectives, and views and invasion into plaintiff's private non-public life and affairs i.e. restricted email communications, phone calls, restricted written correspondence delivered by

~ 13 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

courier, plaintiff was forced to discontinue operating the website and did not renew his

ICANN registration to said domain on or around September 14, 2021. Plaintiff has not

sought to procure or purchase any other domain name to continue to continue the

exercise of his free speech, in the context, ante, for fear of continued and relentless

stalking, harassment, badgering, threatening, and inducing bodily harm, by one or

more underground illicit government agencies and/or person(s) within such agencies

and/or individuals activated outside of such agencies i.e. hired actors and/or field

operatives in various areas and regions where plaintiff has stayed or resided for a time.

    **27)**    Plaintiff has a right or at least, at some point, had a right to exercise free

speech without either the interference or backlash of any and all federal, state, and

local government agencies, entities, or operations. In fact, "States [nor the federal

government] cannot punish protected speech because some group finds it offensive,

hurtful, stigmatic, unreasonable or undignified." *Masterpiece Cakeshop, Ltd. v. Colo.

Civil Rights Comm'n*, 138 S. Ct. 1719 (2018). Moreover, "If there is a bedrock

principle underlying the First Amendment, it is that the government  may not prohibit

the expression of an idea simply because society finds the idea itself offensive or

disagreeable." *Id*. Quoting *Johnson*, supra, at 414, 109 S. Ct. 2533, 105 L. Ed. 2D 342.

~ 14 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

**28)**    Notwithstanding plaintiff's free speech right plaintiff has been and continues to be targeted, ante, by one or more state officials under the direction or otherwise working at/by/through the USDOJ [including the FBI] for communicating his opinions, perspectives, views.

**29)**    Plaintiff has a right to privacy and based upon such right an expectation that private limited communications between plaintiff and specific parties are not intruded upon by the government to advance any agenda of the government including a cover up of official misconduct per one or more claims as set forth herein: "It is now well settled that "the Fourth Amendment's right of privacy has been declared enforceable against the States through the Due Process Clause of the Fourteenth" Amendment." *Berger v. New York*, 388 U.S. 41 (1967). Moreover, "It is well settled that there is a right to privacy associated with family life, whether that be found in the "penumbras and emanations" of the Bill of Rights, in the Ninth Amendment, or in the concept of "liberty" that is derived from the Fourteenth Amendment." *Under Seal v. United States*, No. 13-4933 (4th Cir. Jun. 17, 2014); "It is well established that the individual right to privacy is protected by the Due Process Clause of the Fourteenth Amendment." *O'Connor v. Pierson*, 426 F.3d 187 (2d Cir. 2005). Even, "Florida

~ 15 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

decisions have filled out the contours of this tort right to privacy by accepting the following four general categories recognized by Prosser in his Law of Torts, p. 804-14 (4th Ed. 971): (1) Intrusion, i.e., invading plaintiffs' physical solitude or seclusion; (2) ***Public Disclosure of Private Facts; (3) False Light in the Public Eye, i.e., a privacy theory analogous to the law of defamation;*** and (4) Appropriation, i.e., commercial exploitation of the property value of one's name." *Allstate Ins. Co. v. Ginsberg*, 863 So. 2d 156 (Fla. 2003).

**30)**     The USDOJ and/or one or more individuals working at/by/through the USDOJ, via illicit spying and tapping into plaintiff's private internet and voice communications i.e. plaintiff's email and voice communications have been intercepted and information captured to which the USDOJ otherwise should not have been privy and in a false light fashion publicly portrayed plaintiff in a negative, demeaning, vile, and undignified manner.

~ 16 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

## CAUSES OF ACTION
### COUNT I
### (FOIA violation(s), 5 U.S.C. § 552)
### (Asserted Against: USDOJ; FBI)

**31)**   Plaintiff incorporates ¶¶ 1-15 as though fully set forth herein.

**32)**   Plaintiff is being persistently irreparably harmed by defendant's FOIA

violation(s). Even more so, plaintiff will continue to be irreparably harmed unless and

until defendant is compelled to comply with the FOIA statutory provisions and

produce all matter as outlined in the underlying FOIA request. Plaintiff believes there

is government misconduct related to defendant's failure to produce any matter per the

underlying FOIA request which was specifically alleged in his expedited appeal

handling request.

**33)**   The fundamental purpose of the FOIA is to make the public aware of

government operations. Plaintiff is both a member of the general public and aggrieved

by such government operations or actions related to him as a result of this FOIA

request. Furthermore, plaintiff intends to make the findings available on his public

information website such as to promote awareness of government activities, promote

accountability, and integrity in the operations of the defendant.

~ 17 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

**34)**    Moreover defend knew or should have known that plaintiff was suffering and continues to suffer irreparable harm given the face of plaintiff's FOIA request and/or subsequent appeal ubiquitously illustrates detailed allegations of threats of bodily harm and injury as well as impending financial ruin precipitated per the underlying FOIA request. "Notably, impending loss or financial ruin of business constitutes irreparable injury." *Pizza Fusion Holdings, Inc. v. Burton Holdings LLC*, 2015 WL 11197817, @ *1 (S.D. Fla. 2015) (Martinez, J.). Pursuant such irreparable harm, plaintiff has a right to seek redress via this court: "**The right to petition is in some sense the source of other fundamental rights, for petitions have provided a vital means for citizens to request recognition of new rights and to assert existing rights against the sovereign.**" (emphasis added); *Borough of Duryea, et al. v. Guarnieri*, 564 U.S. 379 (2011). And, "**Petitions to the courts** and similar bodies can likewise address matters of great public import." (emphasis added) *Id*. See **Exhibit A**, attached hereto.

**35)**    Defendant USDOJ did not respond to plaintiff's FOIA request as required per 5 U.S.C. § 552(a) (6) (A) (i). Given defendant's failure to respond, *ante*, plaintiff has no obligation to further entertain Defendant's dilatory behavior, See: 5 U.S.C. §

~ 18 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

552(a) (6) (A) (ii). Furthermore, defendant's expedited handling request was not in compliance with 28 C.F.R. § 16.6. Furthermore, defendant's failure to respond and produce the requested documents and things, within the time prescribed per 5 U.S.C. § 552(a) (6) (A) (i) is the *direct and proximate cause of plaintiff's expenditure of time and extremely limited resources related to bringing this action*.

36)    Given defendant's failure to make an initial determination of plaintiff's FOIA request as prescribed per 5 U.S.C. § 552(a) (6) (A) (i), plaintiff is deemed to have exhausted his administrative remedies per 5 U.S.C. § 552(a) (6) (C) (i). Furthermore, Defendant was/is required to comply with 28 C.F.R. § 16.9.

**COUNT II**
**(U.S. Constitutional Violation(s))**
**(Invasion of Right to Privacy; Due Process)**
**(Asserted Against All Defendants)**

37)    Plaintiff incorporates ¶¶ 1-30 as though fully set forth herein.

38)    Since November 2020, Plaintiff purchased paid privacy driven email and VPN services via *Protonmail.com*, per plaintiff's concerns with the government in general and the USDOJ in particular, with respect to government spying and interfering with internet based communications without due process and via extra-

~ 19 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

judicial means and mechanisms. Additionally, plaintiff has purchased at least three (3) other VPN services in an attempt to work around government and USDOJ illicit spying of his internet communications. Such providers include, *inter alia, Nordvpn.com* and *Privateinternetaccess.com*. Plaintiff has even procured similar European Union (EU) based services, given the **GDPR** higher internet and data security standards...none of which have been successful in curtailing government and USDOJ spying into plaintiff's private communications.

39)    Moreover, the USDOJ has a history of spying on individuals in an attempt to glean private affairs which in turn the government and USDOJ then uses, and has used, as a means to manipulate, control, harass, badger, threaten, and induce bodily harm via its field operatives and/or hired actors. Such behavior is precisely what has occurred to plaintiff at the hands of the USDOJ and all defendants.

40)    Plaintiff has been and continues to be harassed by USDOJ field operatives and hired actors both in the state of New York and Florida which actors and agents have made direct false statements including: "Are you gay?" and specifically and specifically calling plaintiff "Gay" in public settings based, not based upon any actual fact of plaintiff being anything other than heterosexual; but, rather based on the

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

USDOJ's spying on plaintiff's internet activity in which plaintiff visited one or more adult websites and occasionally watched adult videos with respect to sexual acts solely between a man and a woman; however, unbeknownst to plaintiff in advance, there were occasions where such man and woman adult videos included frames of anal sex with the man and woman.

**41)**    Plaintiff's adult website activity was and is private and shared with no one and it is entirely and completely without basis for even a modestly retarded person to, even for a moment, consider plaintiff "Gay" unless and "but for" the USDOJ being privy to said unintended adult website viewing incidents which in turn the USDOJ has portrayed plaintiff in a false light as "Gay" to hamper his reputation, cause pain, anguish, and suffering, damage to his community image, and general false portrayal of his sexuality and manhood, publicly, especially to individuals and situations whereas one or more persons are positioned to make decisions regarding plaintiff, without the luxury of actually knowing plaintiff, thus able to disregard such false portrayals i.e. actual loss of employment, loss of employment opportunities, loss of contractual opportunities, impairment of relationship development and building, etc. Plaintiff has experienced extreme difficulties in all of said areas since at least November 2020,

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

which matters have, greatly, intensified since the underlying FOIA issue with the

USDOJ.

**42)**    Plaintiff's private relationship affairs and choices have, also, become a

matter of public disclosure and abuse, via the USDOJ and all defendants, especially

and particularly since the underlying FOIA matter. Plaintiff had a significant

relationship with a woman of Asian ethnicity which, due to separate government issues

ended, also, in a false light portrayal. Plaintiff had intended to marry and procreate

based in such relationship. On at least two (2) occasions, since November 2020,

plaintiff sent private communications solely to a church or parish (Santo Domingo

Parish) regarding specifics of such relationship. The USDOJ interfered with and spied

upon such communication.

**43)**    In turn, since the last occasion of communication with Santo Domingo

Parish, on or around March 2021, plaintiff has been inundated with field operatives

and/or hired actors and the general public staging stunts designed to manipulate

plaintiff, cause mental and physical harm along with financial loss i.e. ransomware,

extortion, etc. In particular, each and every time plaintiff has called his mobile carrier

either T-Mobile or Metro By-T-Mobile, plaintiff's calls have been routed to Asia, in

~ 22 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

the specific region whereas the woman in which he had a relationship, lived or lives despite the number of call centers right here in the States and very near to plaintiff's location at the time of calling. Additionally, plaintiff has consistently experienced non-random staged stunts driven by the USDOJ in which either a woman or a couple (man and woman) go[goes] out of their way to be ostensible in making sure plaintiff is aware of their newborn infant i.e. deliberately blocking plaintiff's path such as to ensure plaintiff witnesses the newborn infant, pitching and projecting unsolicited, non casual conversation about newborns and "family," all of which is designed to manipulate plaintiff in such a way as to dissuade plaintiff from pursuing these herein, identified, claims.

**44)** Plaintiff has been and continues to be irreparably harmed by the USDOJ's actions and all defendants acting at/by/through the USDOJ with respect to invasion into the private non-public affairs of plaintiff and in turn portraying plaintiff in a false light publicly. Plaintiff has and continues to experience mental anguish, pain and suffering, loss of or limited appetite, loss of interest in activity, prolonged and continued depression, loss of employment, loss of employment opportunities, damage to existing relationships, and inability to form new relationships on account of

~ 23 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

plaintiff's suffering and the reality that the USDOJ and its accomplices, *ante*, can do whatever it[they] want[s], to whomever it wants, and ultimately harm whomever it wants unchallenged and without recourse. Plaintiff seeks an order enjoining, preliminary and permanently USDOJ and all defendants, regarding the illicit intrusion into plaintiff's private affairs and the false light portrayal of his affairs to the public in general and/or sub-population of the public. Additionally, plaintiff seeks an order for any and all costs.

**<u>COUNT III</u>**
**(U.S. Constitutional Violation(s))**
**(Freedom of Speech; Due Process)**
**(Asserted Against All Defendants)**

**45)**     Plaintiff incorporates ¶¶ 1-30 and 37-44 as though fully set forth herein. Plaintiff has a right to freedom of speech which plaintiff exercised via one or more websites including "blmtoo.site" and "enewsa.live." With respect to the latter, plaintiff procured said domain with the intent of communicating to the public, with respect to the affairs of the government, especially with respect to issues of betrayal of the public trust i.e. public corruption and actions within the court system which the average

---

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

individual may be unaware of or otherwise be unable to decipher due to use of legalese used in other similar sites.

**46)**     Plaintiff was forced to discontinue his ICANN registration to "blmtoo.site" due to the USDOJ and all defendants backlash and retaliatory conduct or one or more of such agencies and/or individuals within, which disfavor(ed) plaintiff's opinions, perspectives, or views. In fact, the SSA administration refused to reissue plaintiff a social security card because of his opinions, perspectives, and views including but not limited to plaintiff's response to the current "Latino first" agenda of the ruling political party. Moreover, the SSA made sure that they flexed their muscles by having Ms. Furtado refuse to assist plaintiff and do her job for which she is paid to do. Ms. Furtado is of Hispanic or Latino descent. Moreover, plaintiff on or around October 17, 2021 requested a replacement social security card via the SSA website and never received a letter to "Confirm his identity," and reactivate his online SSA account. The failure to receive the reactivation letter is by design. Furthermore, plaintiff has experienced and continues to experience loss of income and employment opportunities due to the inability to produce a physical social security card, which, but for, the misconduct of the SSA could not and would not have occurred. Furthermore,

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

the SSA is working in cahoots with USDOJ and all defendants as part of a cover up of government misconduct per the underlying FOIA claim asserted herein.

**47)** Plaintiff's domain "enewsa.live" is functional, bare bones, as plaintiff right out of the gate experienced hijacking of plaintiff's email traffic to and fro such domain at the hands of the USDOJ and all defendants. Moreover, due to the overwhelming amount of time dealing with technical issues, *ante*, on a straw budget driven by income and employment opportunity losses, per the USDOJ and all defendants conduct, plaintiff has been unable to allocate meaningful time to flesh out the intended content for "enewsa.live" let alone the fact that the email routed to and fro such domain has been hijacked via the USDOJ and/or one or more Congressional factions, considering plaintiff wrote several letters to Congress, also, related to his opinions, perspectives, and views as mentioned, ante, on "blmtoo.site."

**48)** Contrary to the U.S. Constitution and the political rhetoric of both political parties, in reality, plaintiff has a very limited right to freedom of speech if at all. And the USDOJ and all defendants get to decide when, how, and to what extent plaintiff has such a right to freedom of speech based upon whichever way the political wind blows at any given time. This is especially true considering the backlash plaintiff

~ 26 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

has experienced relates to his specific views in which he does not believe every person on account simply of being black is entitled to $1M and 40 acres of land; plaintiff, also, expressed vehement disagreement with one or more public officials insistent denial of institutional racism, which plaintiff believes has at least, in part, fueled the intensity of the issues he, now, experiences locally. Moreover, plaintiff believes the locality conspired and joined forced with the USDOJ to pursue the common goal of retaliating against plaintiff for having the audacity of disagreeing with public official driven views, *ante*.

**49)**     Considering all the backlash, without due process and extra judicial activity, against plaintiff for previously expressing his opinions, perspectives, and views plaintiff has discontinued the operation of "blmtoo.site" and has taken very limited action on "enewsa.live" considering said hijacking and other issues currently experienced related to plaintiff's expression of his opinions, perspectives, and views.

**50)**     Plaintiff seeks an order enjoining all defendants from further restrictions (either directly or indirectly) placed on his right to freedom of speech. Furthermore, plaintiff seeks an order enjoining the SSA from further delays in the re-issuance of his social security card which illicit unjustified behavior has caused, and continues to

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

cause plaintiff financial loss and irreparable harm with respect to loss income,

contractual, and employment opportunities, and damage to plaintiff's reputation and

community standing. Additionally, plaintiff seeks an order for any and all costs.

## COUNT IV
### (Intentional Infliction of Emotional Distress)
### (Asserted Against Defendants: Patti McLauchlin; Geoffrey M. Hedden)

**51)**    Plaintiff incorporates ¶¶ 1-30 as though fully set forth herein. Following

at least two (2) communications to the Mayor of Key West, FL, upon information and

belief, Mayor Johnston engaged City Manager Ms. McLauchlin to address plaintiff's

issues. Upon information and belief Ms. McLauchlin intended to do so in an

undignified manner and/or with reckless disregard for plaintiff's rights, health, and/or

welfare, to cause plaintiff harm financially, mentally, and physically. Defendant

McLauchlin knew or should have known of the threats to plaintiff at KOTS, by Mr.

Haley, given the certified letter to Mayor Johnston and the fact that as City Manager

Ms. McLauchlin is responsible for the operations of KOTS.

**52)**    Ms. McLauchlin did not exercise care, to the extent any care was

exercised at all, with respect to plaintiff's rights, health, and/or welfare

notwithstanding the fact that the risk created was entirely that of KOTS, via its utter

~ 28 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

and complete failure to manage and control the inflow of individuals into KOTS i.e. KOTS allowed individuals into the facility without any identification or proper identification let alone of the fact that the situation with Mr. Haley, who had an active "non extradite" warrant for arrest, in the State of California at the time of the incidents with Mr. Haley at KOTS.

**53)** KOTS failure to exercise care to the extent any care was exercised, at all, is the direct and proximate cause of the harm to plaintiff. Plaintiff has experienced consistent loss of sleep, significant employment performance impact, mental pain and anguish, persistent stress communicating with KOTS staff and management, pain and suffering, depression, hassle, headache, loss of interest and enjoyment of life, physical pain and suffering driven by the overall living conditions at KOTS, including bed bug infestation, to which plaintiff sought medical treatment. Moreover, KOTS is one of, only, two (2) living resources in the entire Key West area and by far the largest resource serving 150 individuals at any given time as compared to the Patterson House with serves a maximum of 24 individuals at any given time.

**54)** Plaintiff seeks an order compelling Ms. McLauchlin to manage, identify, and control the inflow of individuals within KOTS and enjoining Ms. McLauchlin

~ 29 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

from – forward looking -- creating, maintaining, or otherwise overseeing the original conditions giving rise to this issue. Additionally, Plaintiff seeks monetary damages for pain and suffering, depression, hassle, headache, loss of interest and enjoyment of life, physical pain and suffering which, but for, Ms. McLauchlin's failure to manage and control the KOTS living conditions coupled with the failure to act and properly manage and control the inflow of individuals within KOTS, plaintiff's harm would not have occurred. Plaintiff seeks compensatory greater than $25,000 and punitive damages the greater of three (3) times his compensatory damages or $75.000.

**55)** Defendant Mr. Hedden, upon information and belief, was part of a staged event to cause plaintiff severe physical harm by striking plaintiff with Mr. Hedden's vehicle, which events plaintiff, upon information believes were precipitated by spying on plaintiff via one or more political parties i.e. Republican party (but does exclude the democratic party as a possibility).

**56)** Mr. Hedden, did not exercise care or acted with reckless disregard for the health, welfare, and safety of plaintiff when Mr. Hedden struck plaintiff with his vehicle, knocking plaintiff to the ground, after looking plaintiff in the face before

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

proceeding into the intersection and striking plaintiff with his car. In doing so, Mr. Hedden created the risk of great and severe bodily harm to plaintiff.

57)    Mr. Hedden's actions and/or lack thereof is the direct and proximate cause of plaintiff's injuries, both physical and mental, and such injuries and costs would not have occurred and been incurred, but for, Mr. Hedden's utter failure to exercise care or reckless disregard for the life, health, and welfare of plaintiff.

58)    Defendant Mr. Hedden's actions have caused plaintiff significant damages in the form of mental pain and suffering coupled with physical pain and suffering. Moreover, plaintiff, since this event is plagued with anxiety, weariness, and great stress when operating a bicycle in which plaintiff has to cross the path of a vehicle or simply riding along in the road with other vehicles. Even more so, plaintiff experiences the same anxiety, weariness, and great stress when simply walking the streets involving crossing the path of a vehicle i.e. at an intersection of a shopping plaza, etc.

59)    Plaintiff seeks compensatory damages in excess of $25,000 and punitive damages the greater of plaintiff's compensatory damages or $75,000, given Mr. Hedden's actions which caused plaintiff harm, *ante*.

~ 31 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

## COUNT V
### (Negligent Infliction of Emotional Distress)
### (Asserted Against Defendants: Patti McLauchlin; Geoffrey M. Hedden)

**60)** Plaintiff incorporates ¶¶ 1-30 as though fully set forth herein. Following at least two (2) communications to the Mayor of Key West, FL, upon information and belief Mayor Johnston engaged City Manager Ms. McLauchlin to address plaintiff's issues. Upon information and belief Ms. McLauchlin intended to do so in an undignified manner with respect to plaintiff's rights, health, and/or welfare, causing plaintiff harm: financially, mentally, and physically. Defendant McLauchlin knew or should have known of the threats to plaintiff at KOTS by Mr. Haley, given the certified letter to Mayor Johnston and the fact that as City Manager Ms. McLauchlin is responsible for the operations of KOTS.

**61)** Ms. McLauchlin did not exercise care to the extent any care was exercised at all with respect to plaintiff's rights, health, and/or welfare notwithstanding the fact that the risk created was entirely that of KOTS via its negligent failure to manage and control the inflow of individuals into KOTS i.e. KOTS allowed individuals into the facility without any identification or proper identification let alone the situation with

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

Mr. Haley who had an active "non extradite" warrant for arrest, in the State of California at the time of the incidents with Mr. Haley at KOTS.

**62)** KOTS failure to exercise due care is the direct and proximate cause of the harm to plaintiff. Plaintiff has experienced consistent loss of sleep, significant employment performance impact, mental pain and anguish, persistent stress communicating with KOTS staff and management, pain and suffering, depression, hassle, headache, loss of interest and enjoyment of life, physical pain and suffering driven overall living conditions at KOTS including bed bug infestation to which plaintiff sought medical treatment. Moreover, KOTS is one of two (2) living resources in the entire Key West area and by far the largest resource serving 150 individuals at any given time as compared to the Patterson House with serves a maximum of 24 individuals at any given time.

**63)** Plaintiff seeks an order compelling Ms. McLauchlin to manage, identify, and control the inflow of individuals within KOTS and enjoining Ms. McLauchlin from – forward looking -- creating, maintaining, or otherwise overseeing the original conditions giving rise to this issue. Additionally, Plaintiff seeks monetary damages for pain and suffering, depression, hassle, headache, loss of interest and enjoyment of life,

~ 33 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

physical pain and suffering which, but for, Ms. McLauchlin's failure to manage and control the KOTS living conditions coupled with the failure to act and properly manage and control the inflow of individuals within KOTS, plaintiff's harm would not have occurred. Plaintiff seeks compensatory greater than $25,000.

64)    Defendant Mr. Hedden, upon information and belief, was part of a staged event to cause plaintiff severe physical harm by striking plaintiff with Mr. Hedden's vehicle, which events plaintiff, upon information believes were precipitated by spying on plaintiff via one or more political parties i.e. Republican party (but does exclude the democratic party as a possibility).

65)    Mr. Hedden, did not exercise due care for the health, welfare, and safety of plaintiff when Mr. Hedden struck plaintiff with his vehicle, knocking plaintiff to the ground, after looking plaintiff in the face prior to pulling out into the intersection and striking plaintiff with his car. In doing so, Mr. Hedden created the risk of great and severe bodily harm to plaintiff.

66)    Mr. Hedden's actions and/or lack thereof is the direct and proximate cause of plaintiff's injuries both physical and mental and such injuries and costs would not

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

have occurred and been incurred but for Mr. Hedden's failure to exercise due care for the life, health, and welfare of plaintiff.

**67)**     Defendant Mr. Hedden's actions have caused plaintiff significant damages in the form of mental pain and suffering coupled with physical pain and suffering. Moreover, plaintiff, since this event is plagued with anxiety, weariness, and great stress when operating a bicycle in which plaintiff has to cross the path of a vehicle or simply riding along in the road with other vehicles. Even more so, plaintiff experiences the same anxiety, weariness, and great stress when simply walking the streets involving crossing the path of a vehicle i.e. at an intersection of a shopping plaza, etc.

**68)**     Plaintiff seeks compensatory damages in excess of $25,000 given Mr. Hedden's actions which caused plaintiff harm, *ante*.

## **PRAYER**

**69)**     WHEREFORE, Plaintiff prays for judgment against defendant USDOJ and others as follows:

---

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

# JURY TRIAL DEMANDED

**Regarding the first claim of relief**:

1    Enjoin defendant USDOJ from withholding any and all records responsive to plaintiff's FOIA request and to immediately produce all items subject to the underlying FOIA.

2    Order defendant to conduct searches for any and all records responsive to plaintiff's FOIA request and demonstrate that it has, properly, employed search methods reasonably likely to unearth discoverable records responsive to plaintiff's FOIA request.

3    Order defendant to produce, by a certain and specific date, the FOIA documents sought and giving rise to this action – in electronic from via one or more emails containing such documents and a *Vaughn* index of any documents withheld under any claim of exemption.

**Regarding the second claim of relief**:

1    Enjoin defendants USDOJ, SSA, Mr. Hedden, and Ms. McLauchlin from intrusion into the private affairs of plaintiff; the use of field operatives and/or hired actors and/or non paid members of the general public per stalking,

~ 36 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

harassment, badgering, threatening, and inducing bodily harm with respect to plaintiff's right of privacy and intrusion upon per information captured via such intrusion upon plaintiff's private affairs.

2    An order for defendant USDOJ to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.

**Regarding the third claim of relief**:

1    Enjoin defendants USDOJ, SSA, Mr. Hedden, and Ms. McLauchlin from interfering with and chilling plaintiff's freedom of speech; the use of field operatives and/or hired actors and/or non paid members of the general public per stalking, harassment, badgering, threatening, and inducing bodily harm with respect to plaintiff's right to freedom of speech via his expressed opinions, perspectives, and views.

2    An order for defendant USDOJ to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.

~ 37 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

**Regarding the fourth claim of relief**:

1    Enjoin defendant Ms. McLauchlin from creating, maintaining, and/or otherwise overseeing the living conditions giving rise to plaintiff's physical harm.

2    Compensatory damages exceeding $25,000 both joint and severally against defendants Ms. McLauchlin and Mr. Hedden.

3    Punitive damages the greater of three (3) times plaintiff's compensatory damages or $75,000 both joint and severally against defendants Ms. McLauchlin and Mr. Hedden.

**Regarding the fifth claim of relief**:

1    Enjoin defendant Ms. McLauchlin from creating, maintaining, and/or otherwise overseeing the living conditions giving rise to plaintiff's physical harm.

2    Compensatory damages exceeding $25,000 both joint and severally against defendants Ms. McLauchlin and Mr. Hedden.

**Regarding all claims of relief**:

~ 38 ~

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF

1. An order for defendant USDOJ and all defendants to pay any and all of plaintiff's costs pursuant this action, including attorney fees, to the extent incurred, pursuant the work expended for this action.

2. Equitable recovery of plaintiff's time pursuing this action per defendants' bad faith giving rise to the action.

3. Any further relief that this Court deems just and proper.

DATED: November 7, 2021

Darryl Carter

COMPLAINT FOR EQUITABLE AND LEGAL RELIEF